UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ACHASHVEROSH ADNAH AMMIYHUWD NGOLA MBANDI, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 1:22-cv-01274-JRS-TAB ) |
| PANGEA VENTURES LLC, et al., | ) ) ) |
| Defendants. | ) |

**Order on Various Motions**

## I.   Introduction

This is a chaotic *pro se* case, with a complaint that runs to 56 pages exclusive of exhibits and 79 docket entries in four months.  It is basically a towing dispute. Plaintiffs Achashverosh Adnah Ammiyhuwd Ngola Mbandi and Von Maxey hold themselves out, as the Court understands it, to be sovereign, perhaps royal, "Hebrew-Israelite" citizens on a prophetic mission.  Their car was towed from their apartment parking lot because it lacked a valid parking permit.  They have sued their landlords (collectively "Pangea"), a towing company, and various Indianapolis officials for violating their rights.[1]  The Court comes now to set the docket in order.

Plaintiffs filed an initial Complaint, (ECF No. 1), that includes 31 pages of exhibits.  The towing company and the city responded with motions to dismiss, (ECF No. 24, 26), and Pangea responded with an Answer, (ECF No. 23).  Since then,

---

[1] The Court believes the city's synopsis of alleged facts to be about the best possible at this stage. (*See* "Plaintiff's Allegations," Memo. Supp. City Defendants' M. Dismiss 2–4, ECF No. 27.)

Plaintiffs filed a Motion of Standing and Jurisdiction, (ECF No. 51), which seems to include a request for leave to amend the initial complaint. Without waiting for a ruling on that motion, Plaintiffs filed an "Amended Complaint," (ECF No. 53), that appears largely identical to the initial complaint, but with a new set of exhibits.

The Court rejects the Amended Complaint, (ECF No. 53), as being filed more than 21 days after a responsive pleading without leave of court or consent of the opposing parties. Fed. R. Civ. P. 15(a)(2). The towing company's Motion to Strike Plaintiffs' Amended Complaint, (ECF No. 69), and Pangea's Motion to Strike Plaintiffs' Amended Complaint, (ECF No. 79), are therefore moot.

Now before the Court, then, are the towing company's Motion to Dismiss, (ECF No. 24), and the city's Motion to Dismiss, (ECF No. 26), both directed at the initial Complaint, (ECF No. 1). Also before the Court are Plaintiffs' Motion of Standing and Jurisdiction, (ECF No. 51), Plaintiffs' Motion for Substituted Service, (ECF No. 58), and Plaintiffs' Motion for Clarification, (ECF No. 66).

## II.   Legal Standard

"A Rule 12(b)(6) motion tests 'the legal sufficiency of a complaint,' as measured against the standards of Rule 8(a)." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020) (quoting *Runnion v. Girl Scouts of Greater Chi. and Nw. Ind.*, 786 F.3d 510, 526 (7th Cir. 2015)). Rule 8(a) requires that the complaint contain a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). "To meet this standard, a plaintiff is not required to include 'detailed factual allegations,'" but the factual allegations must "state a claim to relief that is plausible

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  When considering a motion to dismiss for failure to state a claim, courts "take all the factual allegations in the complaint as true," *Iqbal*, 556 U.S. at 678, and draw all reasonable inferences in the plaintiff's favor, *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).  Courts need not, however, accept the truth of legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

The Court must and shall give Plaintiffs some leeway here because they are pro se, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but they are not wholly "excused from compliance with procedural rules," *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

### III.  Discussion

#### A.  Rule 8 Sufficiency

The two motions to dismiss contest the Rule 8 sufficiency of Plaintiffs' complaint.

Rule 8(a) requires that the complaint contain a "short and plain statement of the grounds for the court's jurisdiction," Fed. R. Civ. P. 8(a)(1), and a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2).  Furthermore, "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

3

There is no doubt that Plaintiffs' complaint fails to comply with the terms of those rules. It contains eight pages of bible verses and genealogy before getting to the statement of jurisdiction and venue. (Compl. ¶¶ 1–29, ECF No. 1.) The statement of jurisdiction and venue is two pages of references to irrelevant law including the United Nations charter, the Dormant Commerce Clause, the Holy Bible, and the Consumer Protection Act. (*Id.* ¶¶ 34–47.) Then on page eleven begins the statement of the claim, which extends over the next 32 pages. (*Id.* at 11–43.) Finally comes a 13-page outro of legal theories. (*Id.* at 43–56.) All of this is an inimitable prose style like a macaw with a legal dictionary.[2]

A "short and plain" statement of the case might look something like this:

> On July 1, 2021, my landlord left a note saying that my boyfriend was living in my apartment in violation of the terms of my lease. I think that is defamation because he is not my boyfriend, and I do not want people to think I live like that. On May 3, 2022, my car was towed from my parking spot. I had to pay more than a hundred dollars to get it back. My landlord said it was because my parking sticker had expired, but I never agreed to use a parking sticker, so they had no right to tow it. On June 1, 2022, the same thing happened again. And when I went to the towing company's lot to reclaim my car, the police came and said I was trespassing. But that infringes on my free speech rights to self-expression.

(*See* "Plaintiff's Allegations," Memo. Supp. City Defendants' M. Dismiss 2–4, ECF No. 27.) That is less than two hundred words, and it accomplishes everything required

---

[2] A representative paragraph of the complaint: "Defendants, and in particular ZLJS LLC, Indiana's Finest Wrecker Culbertson. Rosalyn Culbertson, Vic-President, John Sluss, Owner, Tamara Mandrell, Agent, Erynn Naylor, Agent intentionally, negligently and wrongfully through the acts of harassment, fraud, and misrepresentation towed Plaintiffs 2004 Red Dodge Stratus, Vin 1B3EL36X04N373269 automobile and Plaintiff's Hebrew Israelite lawful automobile tag for storage and disposal without consent or a valid parking addendum contract." (Compl. ¶ 174, ECF No. 1.)

by Rule 8. *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) ("The primary purpose of these rules is to give defendants fair notice of the claims against them and the grounds supporting the claims."); *cf.* "Forms," Fed. R. Civ. P. 84 (abrogated 2015) ("The forms contained in the Appendix of Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate."). But "[t]he idea of 'a plain and short statement of the claim' has not caught on," *Am. Nurses' Ass'n v. State of Ill.*, 783 F.2d 716, 723 (7th Cir. 1986), perhaps in part because the Seventh Circuit holds that

> undue length alone ordinarily does not justify the dismissal of an otherwise valid complaint. Where a complaint does not comply with Rule 8's mandate of "a short and plain statement of the claim"" but nevertheless puts the defendant on notice of the plaintiff's claims, dismissal is inappropriate "merely because of the presence of superfluous matter."

*Stanard*, 658 F.3d at 797 (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)); *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) ("Prolixity is a bane of the legal profession but a poor ground for rejecting potentially meritorious claims. Fat in a complaint can be ignored, confusion or ambiguity dealt with by means other than dismissal."). In other words, a complaint need be neither "short" nor especially "plain," as Rule 8 demands, so long as it remains comprehensible. *Stanard*, 658 F.3d at 798 ("Though length alone is generally insufficient to justify rejecting a complaint, unintelligibility is certainly a legitimate reason for doing so."); *Mohammed v. Prairie State Legal Servs., Inc.*, No. 20-2419, 2021 WL 4962988, at *1 (7th Cir. Oct. 26, 2021). "Length may make a complaint unintelligible," if it "obfuscate[es] the claim's

essence." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

Here, the complaint crosses the line into unintelligibility. The Court (and the various defendants) cannot understand what conduct amounts to legal wrong. Part of the unintelligibility here comes in part from the near-frivolity of the understandable portions of the complaint (which, again, are few and far between in the 56-page screed). Plaintiffs attach a notice from their landlord that upset them, but it seems by its terms innocuous.[3] They seem to admit that they lacked a valid parking permit, and they attach a lease addendum saying they agreed to be towed without one. (ECF No. 1-1 at 18.) They attach a photo of their "Sovereign Hebrew" "State National Republic" license plate, which alone justifies towing under the lease. (ECF No. 1-1 at 31.) Plaintiffs then allege some sort of interaction with the police at the tow yard, but other than suggestions of "harassment" and "retaliation" it is unclear what the officers are supposed to have done. (Compl. ¶ 219, ECF No. 1.)

### B. Note on Jurisdiction

There are potential jurisdictional problems here. It seems Plaintiffs assert a constitutional theory against Pangea and the city. That claim would invoke the Court's federal-question jurisdiction under 28 U.S.C. § 1332. But the towing dispute is not a federal question, and should the suit turn out to be frivolous, that too would

---

[3] The notice reads in relevant part, "[i]t has been noted and per your admission, that you have allowed your boyfriend, to live in your unit without getting prior authorization from the office." (ECF No. 1-1 at 5.) That is not defamatory. *See James v. McGuiness*, 190 N.E.3d 945 (Ind. Ct. App. 2022) (holding even vituperative comments about homosexual lifestyle not actionable as a matter of law).

fail to invoke the Court's jurisdiction. *Carter v. Homeward Residential, Inc.*, 794 F.3d 806, 807 (7th Cir. 2015). There are also potential Rule 20 problems as to whether the various claims are properly to be considered in a single suit. Fed. R. Civ. P. 20.

The Rule 8 deficiencies in Plaintiffs' complaint make it impossible for the Court to settle these issues definitively. The Court will decide them if or when Plaintiffs present a comprehensible complaint.

### IV. Conclusion

Plaintiffs' Complaint (ECF No. 1), fails to comply with the federal pleading requirements of Rule 8. It is **dismissed without prejudice.**

Plaintiffs are given leave to file a motion to amend the complaint. *See* S.D. Ind. Local Rule 15-1. They need not do so—if, on reflection, they decide that going forward with this claim is not worthwhile, the case will be over. But if Plaintiffs do opt to file such a motion, the Court's leave comes with a warning and subject to conditions: any motion shall have attached the proposed amended complaint, which must make a "short and plain" statement of the case. It should consist of a clear factual narrative. The Court will not consider extraneous material.

The **clerk is directed to provide** Plaintiffs a *pro se* complaint form with instructions on its use. The proposed amended complaint should be properly captioned; it should name all defendants and include all claims Plaintiffs wish to assert.

Any motion to amend the complaint must be filed by **11:59 p.m. Eastern time on December 7, 2022**.

The Court, in considering any motion for amendment under Local Rule 15-1, will screen any proposed amended complaint both for frivolity and for failure to state a claim on which relief can be granted. Jurisdiction will also be scrutinized. This Court retains "broad discretion" to deny the motion should the proposed amended complaint fail to comply with the above instructions. *Stanard*, 658 F.3d at 797 (citing *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008); *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

That means Plaintiffs have one last chance to show that there is something here worth the Court's further attention. *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) (The Court "ha[s] better things to do, and the substantial subsidy of litigation (court costs do not begin to cover the expense of the judiciary) should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim.").

This is not the first time Plaintiffs have been in court. *See Yashar'al v. Swain*, No. 118CV02798RLYDML, 2018 WL 10228440 (S.D. Ind. Sept. 14, 2018) (110-page nonsensical complaint dismissed); *State of Indiana v. Yashar'al*, 1:21-cr-00027-JMS-TAB-1, *aff'd Yashar'al v. Hopper*, 849 F. App'x 591 (7th Cir. 2021) (non-precedential) (purported removal of criminal prosecution for driving with invalid "Hebrew Israelite" license plate to District Court dismissed as frivolous).

As to the docket, then:

Plaintiffs' Complaint, (ECF No. 1), is **dismissed without prejudice,** as stated above.

Defendants' Motions to Dismiss (ECF No. 24, 26), are **granted.**

Plaintiffs' Motion of Standing and Jurisdiction, (ECF No. 51), is **unreferred and denied as moot.**

Plaintiffs' Motion for Substituted Service, (ECF No. 58), Plaintiffs' Motion for Clarification, (ECF No. 66), the towing company's Motion to Strike Amended Complaint, (ECF No. 69), and Pangea's Motion to Strike Plaintiffs' Amended Complaint, (ECF No. 79), are **denied as moot.**

**SO ORDERED.**

Date: 11/8/2022

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by CM/ECF to registered counsel of record.

Distribution by U.S. Mail to:

ACHASHVEROSH ADNAH AMMIYHUWD NGOLA MBANDI
10033 Monterey Rd.
Unit B
Indianapolis, IN 46235

VON MAXEY
10033 Monterey Rd.
Unit B
Indianapolis, IN 46235